RANDY HAMES AND CAROLYN HAMES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hames v. Commissioner
Docket No. 30807-81.
United States Tax Court
T.C. Memo 1983-532; 1983 Tax Ct. Memo LEXIS 256; 46 T.C.M. (CCH) 1236; T.C.M. (RIA) 83532; August 29, 1983. Randy Hames and Carolyn Hames, pro se. Frank Simmons, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency of $2,000 in petitioners' income tax for the taxable year 1978. The sole issue to be decided is whether a new principal residence tax credit claimed in 1975 under section 44(a) [1] must be recaptured in 1978 under section 44(d). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference. On September 1, 1975, petitioners purchased a house in Port Byron, Illinois, which qualified for a new residence credit of $2,000 under section 44(a). [2] On August 27, 1976, petitioners purchased a house in Afton, Minnesota which had been occupied by the previous owners. On March 8, 1977, petitioners sold the Port Byron house for which they had previously claimed the new residence credit. *258 In the notice of deficiency dated September 23, 1981, respondent determined that petitioners must recapture in 1978 all of the $2,000 new residence credit claimed in 1975. OPINION The sole issue for our decision is whether petitioners must recapture the credit claimed on their purchase of a residence in 1975. Section 44(d) provides that the new principal residence credit is subject to recapture when a taxpayer disposes of the property which qualified for the credit within 36 months after the date on which it was acquired. However, no recapture is required if the taxpayer purchases a new principal residence within the applicable period prescribed in section 1034. Section 44(d)(2). Respondent contends petitioners must recapture the entire credit since they purchased a "used" home to replace the original residence. We agree with respondent. In order to avoid recapture, section 44(d)(2) requires the replacement home to be a "new principal residence." That term is defined as a principal residence, "the original use of which commences with the taxpayer." Section 44(c)(1). The statute does not allow a taxpayer to avoid recapture if he replaces his residence with a previously *259 occupied residence. [3]
Petitioners argue that they should not be required to recapture the credit because they purchased the previously occupied residence on the advice of an Internal Revenue Service agent and in reliance upon certain language appearing in publications and forms issued by the Treasury Department. They are in error, however, because misstatements of the law by revenue agents are not binding on respondent. , cert. denied , reh. denied ; affd. , cert. denied .It is also well settled that the statute is controlling, not the Treasury publications and forms called to our attention by the petitioner. See, e.g., . In other words, even though ambiguous, or even erroneous, we cannot apply statements of the law made by revenue agents or which *260 appear in Treasury publications in such a manner as to allow a credit not permitted by statute. Dixon v. United States, 381U.S. 68 (1965). Accordingly, we sustain respondent's recapture of petitioner's new residence tax credit. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, in effect during the years in issue, unless otherwise provided.↩
2. Section 44(a) provides: In the case of an individual there is allowed, as a credit against the tax imposed by this chapter for the taxable year, an amount equal to 5 percent of the purchase price of a new principal residence purchased or constructed by the taxpayer.↩
3. .↩